UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UEL JOE FREEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:13 CV 911 CDP |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's "Motion to Correct Clerk Error" [Doc. #2] in which he states that his "Motion for Relief of Final Judgment Under Rule 60(b)" was mistakenly assigned to a new mandamus action instead of being filed in his underlying habeas corpus action, Freeman v. Steele, 4:09CV0008 JCH (E.D. Mo.). It appears that petitioner would like this Court to administratively close this case and transfer his Rule 60(b) motion to his closed habeas corpus case. As more fully set forth below, the Court agrees that the motion should not have been opened as a new case, but the motion in its present form is insufficient to be considered by the court.

### Background

On or about May 13, 2013, petitioner filed a "Motion for Relief of Final Judgment Under Rule 60(b)" [Doc. #1]. Petitioner's motion did not bear a case number on the outside of the document, but rather asserted that "Rule 60(b) does not limit the power of the Court to entertain an independent action to relieve a party

from a judgment, order or proceeding." The motion then stated it had "cause" to "recall the mandate." Thus, the Clerk's Office opened the motion as an independent Rule 60(b) action and assigned it a new cause number.

Approximately one week after the case was opened, petitioner filed the instant motion seeking to have the matter reclassified. [Doc. #2] On July 31, 2013, petitioner filed a supplement to his Rule 60(b) motion, which was styled as an appellate brief, complete with a "Statement of the Case" and a "Table of Authorities." [Doc. #5] Petitioner's supplemental brief numbers approximately seventy-eight (78) pages, and it appears to argue that several of the claims raised in his prior application for writ of habeas corpus should be "newly reviewed" by this Court.

After reviewing petitioner's "Motion for Relief of Final Judgment Under Rule 60(b)," and his supplemental brief, the Court agrees that his arguments are better reviewed within his habeas corpus action. Therefore, the Court will grant petitioner's motion, in part, and the Clerk will be ordered to administratively close this action.

The Court will not, however, simply transfer petitioner's motion and supplemental brief to the underlying habeas case. Rather, a review of petitioner's more than 120-pages of briefing on the matter reveals that the instant motion should be denied, without prejudice. If petitioner wishes to pursue these claims, he must

file a new motion in the closed habeas case, but if he does refile he must correct the deficiencies in accordance with the instructions set out in this order.

## Discussion

The specific reasons for which a court may relieve a party from a final judgment are listed in Rule 60(b)(1)-(5). Subparagraph (6) provides that the court may take such action for "any other reason that justifies relief." Rule 60(b)(6), Fed. R. Civ. P.

Petitioner has failed to articulate the exact grounds under which he is seeking relief, which he must do in order for this Court to properly review his claim. Thus, in any motion to be filed in the closed habeas corpus case, petitioner must articulate under which subparagraph(s) of Rule 60 he is proceeding. Petitioner must also identify the exact reasons he believes Rule 60 "justifies relief" for each claim he is bringing before the Court for review.[1]

The Court notes that petitioner does assert in his rambling supplement to his motion, that the decision of the United States Supreme Court in Martinez v. Ryan,

---

[1] Petitioner should be mindful that Rule 60(b) only allows a party to seek relief from a final judgment and to request the reopening of his case under a limited set of circumstances: "where it attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id. at 532. Rule 60 motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either raise a new ground for relief or attack a federal court's previous resolution of a claim on the merits. Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005).
3

132 S.Ct. 1309 (2012), qualifies as "any other reason" justifying relief from the earlier judgment.

In Martinez, the Court held that ineffective assistance of post-conviction counsel may constitute "cause" necessary to excuse a procedural default. 132 S.Ct. at 1311. In light of the Martinez decision, petitioner appears to argue that this court should reconsider its previous ruling rejecting certain of his claims of ineffective assistance of counsel. In his motion before the Court, petitioner asserts that his case should be reopened for reconsideration of a previous procedural default ruling on what appears to be two claims of ineffective assistance of trial counsel. However, petitioner has failed to fully identify each of the claims for which he is seeking relief under Rule 60, such that the Court can easily discern which of his claims are perhaps second or successive, pursuant to 28 U.S.C. § 2244(b)(1), and were fully addressed, on the merits, by this Court or another court in a prior ruling.[2]

Moreover, petitioner has not asserted any basis justifying relief under Rule 60 regarding the other claims for which he is requesting relief. Rather, he has identified them under the heading of "newly discovered evidence" in his supplemental brief, which is not usually a basis for granting relief under Rule 60.

---

[2]Petitioner glosses over this "gatekeeping requirement" in his motion before the Court. But a Court must ensure that the requirements under § 2244(b)(1) are satisfied prior to undertaking any analysis under Rule 60. See Gonzalez v. Crosby, 545 U.S. 524, 529 (2005); Ward v. Norris, 577 F.3d 925, 932 (8th Cir. 2009).

4

See Gonzalez, 545 U.S. at 531 (noting that a claim is successive if it is proposing to bring forth "newly discovered evidence" and cannot be addressed under Rule 60).

If petitioner wishes to proceed on these claims, he must revise and refile the Rule 60(b) motion. Any revised motion must be filed using the case number of the prior habeas corpus action, and must identify each and every claim he wishes to pursue before this Court under Rule 60, as well as his reasons for doing so under the Rule, and he should identify whether said claim was addressed in his direct appeal, post-conviction relief motions/appeals, prior habeas review and/or appellate review of his federal habeas corpus petition. Petitioner should do this for each and every claim he wishes to bring before this Court in his Rule 60 motion, and the claims and their arguments supporting each claim should be filed in separate paragraphs for ease of reference by the Court. In this way, the Court will be able to ascertain which, if any, of petitioner's claims are barred as second or successive claims under § 2244.[3]

Last, petitioner must address in his motion, with proper evidentiary support, if necessary, whether there are "extraordinary circumstances" at work in the present case, to justify the reopening of his final judgment denying habeas corpus relief. See Gonzalez, 545 U.S. at 535.

---

[3] In addition to the aforementioned, and to the extent petitioner's arguments are brought under Martinez v. Ryan, petitioner should also address, **for each separate claim**, his arguments regarding "the substantial showing of a denial of constitutional right" as required by Martinez. 132 S.Ct. at 1318.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Motion to Correct Clerk Error" [Doc. #2], which this Court liberally construes as a motion to administratively close this case and transfer petitioner's "Motion for Relief of Final Judgment Under Rule 60(b)" [Doc. #1] to the underlying habeas corpus case, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that petitioner's "Motion for Relief of Final Judgment Under Rule 60(b)" [Doc. #1] is **DENIED WITHOUT PREJUDICE** subject to refiling a revised motion in accordance with this order in his underlying habeas corpus action, Freeman v. Steele, 4:09CV0008 JCH (E.D.Mo.).

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this case and shall file a copy of this Memorandum and Order in petitioner's underlying habeas corpus action, Freeman v. Steele, 4:09CV0008 JCH (E.D.Mo.).

/s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2014.